## MALDEN.

[The election of Ebenezer Nicholls, and Nathan Nicholls, members returned from the town of Malden, was controverted by Henry Gardner, 2d, and others, for various reasons stated in their petition[1]: but as no evidence was adduced in support thereof, and as the members returned did not take their seats, at the May session, the committee on elections reported a reference[2] of the subject to the "next general court:" which was agreed to, and it does not appear to have been again called up.]

[1] 37 J. H. 23.        [2] Same, 172.

## 1817—1818.

### COMMITTEE ON ELECTIONS.

Messrs. *Benjamin Gorham*, of Boston, *Samuel P. P. Fay*, of Cambridge, *Edward D. Bangs*, of Worcester, *Frederick Howes*, of Danvers, *David Townsend*, of Waltham.

### MALDEN.

Where a list of voters for governor, lieutenant governor, and senators, was seasonably made out and published by the selectmen, and was duly corrected and revised by them with reference to and as a list for the election of representatives, but was not again published, though carried by them to the meeting; it was held, that this omission to publish was not sufficient of itself to invalidate the election.

The election of Nathaniel Nicholls, and Ebenezer Nicholls, members returned from the town of Malden, was controverted by Bernard Green and others, on the ground, (among others,)

that there was no list of voters made out and published according to law, previous to the meeting at which the members returned were chosen.[1]

The committee on elections, at the May session, made the following report in this case :—

" The only allegation in the petition, which was supported by evidence sufficient to claim the attention of the committee, was, that there was no list of persons, qualified to vote for representatives in the general court, made out and published according to law, previous to the meeting holden for the choice of representatives.

It appears that the assessors, previous to the first day of March last, made out a list of persons in said town, qualified to vote for governor, lieutenant governor, and senators, which list was seasonably corrected and published by the selectmen; and after the April election, namely, on the twenty-first of April, this list was taken down by the selectmen, and duly corrected, with reference to, and as a list for, the representative election in May following; but the list was not again published, but continued in the hands of the selectmen, and was carried by them to the meeting.

The committee are of opinion, that making out and publishing a list, designating the persons qualified to vote for representatives, is required by the statute, and that such a list was not in this case made out and published according to law. But (whatever penalties the assessors or selectmen may have incurred) the committee are of opinion, that it was not the intention of the legislature, in the laws enacted on this subject, to make the election void merely by the omission to make and publish the list. The omission may, doubtless, in many cases, furnish such evidence of fraud, or create such uncertainty in the result of an election, as to justify a house of representatives in declaring the same void; but in the case before the committee, it did not appear that any thing was omitted by the assessors or selectmen of Malden, with fraudulent views, or that any uncertainty as to the choice was occasioned

[1] 38 J. H. 13.

by the omission. The votes for the sitting members were double those for all the opposing candidates; and there was no evidence before the committee, that any person voted who had not a right to vote, or that any qualified voter was deprived of the oppportunity of exercising his privilege.

The committee, therefore, are unanimously of opinion, and do report, that the said Nathaniel Nicholls, and Ebenezer Nicholls, were duly elected representatives to the general court, and are entitled to hold their seats." The report was agreed to.[1]